Harijot S. Khalsa, Esq. (SBN 277242)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108
Tel:   619/758-1891
Fax:   619/296-2013
hskhalsa@sessions.legal
dkirkpatrick@sessions.legal
*Attorney for Gatestone & Co. International, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. ORTIZ; RENE ORTIZ, AS TRUSTEE FOR ANDREW R. ORTIZ<br><br>Plaintiffs,<br>vs.<br><br>GATESTONE & CO. INTERNATIONAL, INC.,<br><br>Defendant. | Case No.: 18-CV-02479-JAM EFB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS<br><br>Date: October 24, 2018<br>Time: 10:00 a.m.<br>Courtroom 8<br>Judge Edmund F. Brennan |

Defendant Gatestone & Co. International, Inc. ("Defendant"), by and through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss the Complaint of Plaintiffs Andrew R. Ortiz and Rene Ortiz, as Trustee for Andrew R. Ortiz ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' Complaint is devoid of any factual allegations showing an entitlement to relief under any cognizable legal

theory, and thus fails to state a claim upon which relief may be granted against Defendant and should be dismissed.

## INTRODUCTION

Plaintiff, Andrew R. Ortiz ("Plaintiff"), filed a Complaint in the Superior Court of Sacramento, Small Claims Division, Sacramento County, which was removed to this Court on September 11, 2018. The Complaint alleges that Plaintiffs are suing Gatestone for defamation of character, financial harm, harassment, attempt to extort and violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq* ("FCRA"), violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. ("RFDCPA"). (Doc. 1-1)

Gatestone recognizes there is a relaxed pleading standard for a pro-se plaintiff filing a complaint in California small claims court. Nevertheless, this matter has been properly removed to the United States District Court, and the Federal Rules of Civil Procedure now apply to this case. Plaintiffs' Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), as Plaintiffs have failed to allege *any* facts against Gatestone, and certainly none sufficient to establish a violation of any statute referenced in the Complaint.

Gatestone hereby moves to dismiss each claim asserted by Plaintiff, in light of the argument and legal authority set forth below.

///

///

# LAW AND ARGUMENT

### A.   APPLICABLE STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under the *Twombly* standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, (2009), quoting *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although a complaint does not require detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The *Twombly* Court explained the purpose of Rule 8(a)(2) is to "give the defendant fair notice of the claim and the grounds upon which it rests." *Id.* When the allegations in a complaint fail to sufficiently state a claim showing that the plaintiff is entitled to relief, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558.

"Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss," *Lee v. City of Los Angeles,* 250 F.3d 668, 679 (9th Cir.2001), and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### B.   PLAINTIFFS FAIL TO STATE CLAIM

Although Plaintiffs' Complaint alleges violations of the FCRA, FDCPA and

RFDCPA, as well as potentially alleging various state law claims, the Complaint makes no factual allegations to support a finding that Gatestone violated the referenced statutes. Therefore, the pleading fails to comply with the Rule 12(b)(6) requirement that a pleading contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555. While a pro se complaint is entitled to a liberal construction, "even a pro se complaint must contain enough factual allegations to state a claim to relief that is plausible, not merely speculative." *Campbell v. Commercial Equip., Inc.*, 5:10-CV-00313-WW, 2011 WL 3925068 (E.D.N.C. Sept. 7, 2011).

Here, Plaintiffs' Complaint contains no factual allegations whatsoever to support the alleged violations. All that is alleged is that Gatestone violated various statues, with no factual allegations made to support the allegations. "Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently 'permit the court to infer more than the mere possibility of misconduct.'" *Gutierrez v. TD Bank*, 2012 WL 272807, at *5 (D.N.J. Jan. 27, 2012) (quoting *Guirguis v. Movers Specialty Servs.*, 346 Fed. Appx. 774, 777 (3d Cir. 2009) (citations omitted)). "Plaintiff's mere reference to these federal statutes is insufficient to state a claim upon which relief can be granted—for each federal statute, Plaintiff must actually explain what allegations support a violation." *Sakugawa v. IndyMac Bank, F.S.B.*, 2010 WL 4909574, at *2 (D. Haw. Nov. 24, 2010). Given Plaintiffs' failure to allege any facts against Gatestone to support their claims, Plaintiffs' Complaint is subject to dismissal for failure to state a claim upon which relief can be granted.

### D. PLAINTIFF RENE ORTIZ IS NOT A REAL PARTY IN INTEREST

Plaintiff Rene Ortiz must also be dismissed from this lawsuit on the basis that he has not alleged facts sufficient to show that he is the real party in interest. The "real party in interest" is the person who has the *right to sue under the substantive law*. In general, it is the person holding *title* to the claim or property involved, as opposed to others who may be interested in or benefit by the litigation. *United States ex rel. Spicer v. Westbrook* 751 F3d 354, 362 (5th Cir. 2014); *U-Haul Int'l, Inc. v. Jartran, Inc.* 793 F2d 1034, 1038 (9th Cir. 1986).

Even if Plaintiffs had alleged any facts to support the allegations made under the respective statutes, they must also allege facts sufficient to show that they are a real party in interest. To demonstrate that Rene Ortiz is the real party in interest, he "must allege facts sufficient to reveal that he suffered an injury, that the injury was caused by the defendant's illegal conduct, and that his injury could be redressed by a favorable outcome to the lawsuit." *Seckler v. Star Enterprise* (11th Cir. 1997) 124 F3d 1399, 1406. Here, Plaintiff Rene Ortiz's assertion that he is "trustee" for Andrew R. Ortiz, without more, is not sufficient to demonstrate that he is a real party in interest to this lawsuit. To the extent Plaintiffs are alleging that Gatestone violated the FDCPA, RFDCPA and FCRA against the individual Andrew R. Ortiz, Andrew R. Ortiz would be the injured party, not Rene Ortiz, and Rene Ortiz would not be the real party in interest.

As Rene Ortiz has not demonstrated that he is a real party in interest, he must be dismissed from this lawsuit.

### CONCLUSION

Plaintiffs have failed to state a claim for relief pursuant to the FCRA, FDCPA, RFDCPA or any of the listed California laws. For the foregoing reasons, Defendant respectfully requests this Court grant its Motion to Dismiss and dismiss

Memorandum in Support of Motion to Dismiss

Plaintiffs' Complaint.

Dated: 9/18/2018        SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/Harijot S. Khalsa*
Harijot S. Khalsa
Attorney for Defendant
Gatestone & Co. International, Inc.