UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. ORTIZ; RENE ORTIZ, AS TRUSTEE FOR ANDREW R. ORTIZ,<br><br>Plaintiffs,<br><br>v.<br><br>GATESTONE & CO. INTERNATIONAL, INC.,<br><br>Defendant. | No. 2:18-cv-2479-JAM-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

This case is before the court on defendant's motion to dismiss plaintiffs' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (ECF No. 3) and plaintiffs' motion for default judgment and/or summary judgment (ECF No. 7).[1] As discussed below, defendant's motion should be granted, and plaintiffs' motion denied.[2]

/////

/////

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

[2] Because the court determined that oral argument would not be of material assistance to the court, the motions were submitted without appearance and without argument pursuant to Eastern District of California Local Rule 230(g).

1

I.    Defendant's Motion to Dismiss

   A.    Rule 12(b)(6)'s Standards

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

   B.    Discussion

Defendant argues that plaintiffs' complaint must be dismissed for failure to state a claim because it is devoid of any factual allegations. ECF No. 3-1.

Plaintiffs' complaint states that they are suing defendant for "defamation of character, financial harm, harassment, attempt to extort and the [sic] violations of the federal Fair Credit Reporting Act, § 1681, the federal Fair Debt Collections Practices Act, § 1692, and the California Fair Debt Collection Practices Act-Rosenthal, § 1788." ECF No. 1-1 at 5. Plaintiffs' complaint, however, does not contain any factual allegations in support of these claims.

As discussed above, to state a claim the plaintiffs must allege sufficient factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Additionally, plaintiffs must comply with Rule 8(a)(2), which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47). Here, plaintiffs' complaint contains only a list of claims without any factual allegations, let alone allegations which demonstrate a viable claim for relief. Accordingly, it must be dismissed for failure to comply with Rule 8 and to state a claim upon which relief may be granted. Plaintiffs, however, should be granted leave to amend to afford them an opportunity to allege factual allegations in support of their claims. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

II. <u>Plaintiffs' Motion for Default Judgment</u>

Plaintiffs have filed a motion appearing to seek either default judgment or summary judgment against defendant. ECF No. 7. Plaintiffs, however, have failed to demonstrate that they are entitled to judgment in their favor.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Entry of default against a defendant cuts off that defendant's right to appear in the action or to present evidence. *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927).

/////

Given that defendant has appeared in this action and filed a motion in response to plaintiffs' complaint, entry of default judgment is inappropriate. Plaintiffs also are not entitled to summary judgment because, as discussed above, their claims must be dismissed for failure to state a claim. Accordingly, plaintiffs' motion must be denied.

III. Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 3) be granted and plaintiffs' complaint be dismissed for failure to comply with Rule 8 and for failure to state a claim;

2. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file an amended complaint as provided herein; and

3. Plaintiffs' motion for default judgment and/or summary judgment (ECF No. 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE